(43 South. 76.)

No. 16,208.

PHARR v. COUDROY et al.

(Jan. 7, 1907. Rehearing Denied Feb. 18, 1907.)

1. PAYMENT—REPETITION.

This was a suit for repetition of payment of amount claimed to have been paid in error.

2. SAME—EVIDENCE.

The error was not proven.

3. ESTOPPEL—ACTS OF PARTIES.

The claims of all interested creditors and owners of the property about to be sold in foreclosure proceedings had been litigated, and judgment rendered. At the last moment oppositions to the sales were about to be filed. The parties agreed upon a compromise. It was consummated. The plaintiff in foreclosure, being the transferee of all the mortgage claims thereon, exercising his rights as a bidder on the property, became the adjudicatee and owner.

Having effected his purpose in a legitimate manner of becoming the owner, having proposed to parties interested to become the owner of their claims, and they, in consequence, having abandoned all claims, the adjudicatee and owner is without right to reclaim what he has paid. He is estopped by conduct and by the effect of subsequent judicial proceedings.

4. SAME.

As relates to the larger of the two amounts claimed.

A large amount was due to the minors. Considerably less was accepted by their tutrix in payment of their claims. Had not compromise been effected, the sum would have remained due to these minors. At their majority they accepted the amount paid by the adjudicatee and vendee at sheriff's sale. This was a large consideration of itself.

Having, through the agency of the tutrix, obtained this claim, vendee received consideration sufficient to stand as a bar to his setting aside the compromise.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by Henriette C. Pharr against Felicite Coudroy and others. Judgment for defendants, and plaintiff appeals. Affirmed.

D. Caffery & Son, Weeks & Weeks, and Philip H. Mentz, for appellants. Burke & Burke, for appellees.

BREAUX, C. J. Plaintiffs, as legal representatives of the succession of John M. Pharr, brought this suit against Mrs. F. C. Coudroy, wife of Gaston Dubus, and Mrs. Aimee Coudroy, wife of George L. Le Bourgeois, also Jacques A. Coudroy, and Mrs. Henriette Coudroy, wife of John A. Saucier, for a judgment condemning them in solido to pay the sum of $7,300 and interest.

We are informed by the record that the late John M. Pharr bought notes from Ermann & Cahn aggregating an amount over $76,000, secured by mortgage and vendor's privilege on the property of the Pecot Sugar Company, Limited.

He brought foreclosure proceedings, and the property, mortgaged and subject to a lien, was seized, advertised, and sold.

About the time that the property was to be offered at sheriff's sale in these proceedings a number of persons claiming interests adverse to Pharr presented themselves and claimed a mortgage prior in rank, and other rights to fractional portions of the property itself.

Plaintiffs, in their petition, alleged that the late John M. Pharr believed that he held a mortgage and lien first in rank.

Among those who claimed a superior right over the property of the factory in question was Mrs. P. A. Coudroy, who claimed a mortgage executed by Jos. C. Pecot and Anais Pecot, bearing upon the one-seventh undivided portion of the seized property. This mortgage was properly recorded. There was also a judgment in a suit of Mrs. P. A. Coudroy v. Jos. C. Pecot recognizing the mortgage she claimed.

Plaintiffs further aver that Pharr, believing that the mortgage by Mrs. P. A. Coudroy was a valid mortgage, paid for this judgment and the interest thereon the sum of $2,300.

The mortgage was for some $2,100, with about 15 years' interest.

The contention of plaintiffs in this suit is that Mrs. P. A. Coudroy, who assumed to sell the mortgage in question, did not have a particle of right on the property by reason of the fact that on March 1, 1894, she joined

Jos. C. Pecot, her judgment debtor, and others who claimed to be co-owners of the property in indivision, in selling the whole of their interest to the Pecot Sugar Factory Company, Limited. Plaintiffs, in their petition, alleged, in substance, that the deed of sale contained a warranty clause of nonlien and of nonmortgage, and warranted against any other incumbrance upon the property; that the Pecot Sugar Factory had thereby acquired the right to sell the property free from mortgage or any other incumbrance.

Plaintiffs charge that Mrs. P. A. Coudroy, by thus selling the property to Pharr, perpetrated a fraud upon his rights, and an imposition, and that he paid in error. Plaintiffs, in the second place, claim that Pharr paid $5,000 to Mrs. Coudroy, who represented her minor children, who are now majors and defendants here; that she claimed at the time that her minor children had a mortgage for $14,287.50, which rested on their mother's interest as one of the owners of the Pecot Factory property, sold as before mentioned, resulting from the registry of the abstract of inventory against her as tutrix.

It is for this claim that John M. Pharr paid $5,000, as before stated.

The Pecot Sugar Factory property in the said proceedings was adjudicated to him for the sum of $82,000. The surplus of this amount, over the amount of his notes, was applied to the payment of certain creditors of the corporation.

We are informed by the record that the heirs of the late Mrs. P. A. Coudroy have accepted her succession unconditionally.

Defendants interposed the plea of estoppel to Pharr's claim. Their averment is in substance that the two amounts before mentioned ($2,300 and $5,000) were properly accepted by them as a consideration for their abandoning all of their claims, and that Pharr knowingly paid them those amounts. They further alleged, in substance, again by way of estoppel, that in a suit by Mrs. Coudroy v. Pharr, in the parish of St. Mary, she alleged that she had certain mortgage claims on the property above mentioned; that Pharr met the suit in the parish of St. Mary by a plea of estoppel, based upon the facts before stated, which he termed a compromise; and that it operated estoppel.

Returning to the suit now before us, as before stated, plaintiffs filed to it a plea of estoppel, and urged in support of that plea that the suit in the parish of St. Mary, just above referred to, involved the question whether the mortgage claimed by Mrs. P. A. Coudroy against Joseph C. Pecot had been included in the said compromise.

Defendants alleged that the district court of the parish of St. Mary decided that this claim of Mrs. Coudroy did not enter into the compromise at all.

The judge of the district court sustained the plea of estoppel filed by defendant in this suit, and rejected plaintiffs' demand. Plaintiffs appealed.

Whether defendants are entitled to relief at this time in the way that they ask is the question before us for consideration on the plea of estoppel.

At the outset we will state that we agree with plaintiffs that the amount involved in the suit of Mrs. P. A. Coudroy against John M. Pharr, No. 10,305, in the parish of St. Mary, on which she recovered judgment, is another and different amount from the mortgage claims that passed into the possession of Pharr by his paying $12,500 to defendants' mother and others.

The first of these claims had been the subject-matter of the suit of Mrs. P. A. Coudroy against Earnest Pecot, No. 9,464 of the docket of the district court of St. Mary. The other claim was the subject-matter in the suit of Mrs. P. A. Coudroy against Jos. C. Pecot, No. 9,409 of the docket of said court.

From this point of view the first claim

must be considered settled, and does not enter into the issues here at all. It was a separate and distinct mortgage beyond all question, and did not pass into the posses- sion of Pharr under the terms of the com- promise of 1898.

This being settled, we will apply ourselves to determine whether plaintiffs are estopped, as claimed by defendants.

At this time we will mention that the de- fendants had taken measures by lawsuits to protect their claims. They had filed, or were prepared to file, oppositions, claiming preference from the proceeds of the sale, all to the knowledge of John M. Pharr.

We have seen that the contention of plain- tiffs is that Pharr's purchase of defendants' claims in 1898 was made in error and with- out consideration; that Mrs. Coudroy receiv- ed the two amounts before mentioned without consideration by reason of the fact that she had no mortgage rights whatever, she by notarial act having renounced her mortgage, joining the other owners in indivision of the Pecot plantation, on which she held the mort- gage, in selling this plantation to the Pecot Sugar Factory, Limited.

True, this plantation was sold with full warranty, and "especially with a warranty that same was free from any lien, mortgage or other incumbrances whatever." This war- ranty clause is made the basis of plaintiffs' action. They ground all of their hope of suc- cess upon the asserted warranty, although there was a compromise entered into to set- tle all claims herein mentioned as included therein.

Their claim would appear in a different light if it were not for the compromise en- tered into in the year 1898. This compro- mise does appear as a very serious obstacle in the way of plaintiffs recovering judgment. In fact, thus far plaintiff has failed to suc- cessfully meet the argument of the defense.

The $2,300, as before stated, were included in the agreement entered into between Pharr, the Pecots, and others at the time before men- tioned. As to this claim, the proceedings heretofore referred to in St. Mary parish do not sustain it. They have a bearing and are pertinent to show that Pharr judicially ad- mitted that he had entered into a compromise with defendant in 1898. The defendant in that case (Pharr) specially alleged that it was a compromise that he had entered into with defendants, and he invoked the compromise for all it was worth.

This being the condition of affairs, the par- ties, having settled all their differences and having afterward treated the compromise as a finality, cannot be heard to treat that com- promise as a nullity, and insist upon a return of the amount that was paid as a considera- tion.

Plaintiffs have not informed us in what re- spect an error has been committed.

We infer that the late Capt. Pharr knew as much about these different claims as did the defendants. They were all recorded in the proper office. They were unquestionably ex- amined, and no one connected with the trans- action appears to have been without knowl- edge of these claims.

Having entered into this compromise, know- ing all of the particulars, it becomes exceed- ingly difficult for plaintiffs to maintain that an error was committed. We are not inform- ed that it was an error of fact or an error of law. We think that we can conclude with the evidence before us that it was neither one nor the other.

We are not impressed by the averment that the compromise, in so far as relates to the late Mr. Pharr, was entirely without consid- eration. He, from all appearances, desired to buy the plantation, and was willing to pay in order to obtain these claims, which seemed to have served at least one purpose, to wit, that he held a larger amount as a mortgage creditor, and that in bidding he would have

the advantage which the holders of mortgage ·creditors for large amounts naturally have in ·case of sale under foreclosure.

The plea of estoppel applies to the smaller of the two amounts. With reference to the ·other, the $5,000, the amount which passed into the possession of the adjudicatee Pharr was comparatively large. It was bought for .a comparatively small amount. It was an ·existing mortgage on the property, which Mrs. Coudroy had no authority to renounce. As ·the case now appears before us, he appears to have gotten rid of this large claim on favor.able terms. Mrs. Coudroy, as tutrix, had no right to abandon that claim as it was due to her minor children. True, they accepted the .amount of the compromise when they arrived .at their majority, but that was not an acknowledgment on their part that they were ·personally bound for any part of the warranty.

Plaintiffs do not claim that the amount is ·due by the defendants except to the extent that they are responsible, having accepted their mother's succession, for her personal ·obligation growing out of the warranty clause.

It none the less remains a fact that they have abandoned over $14,000 to which they had a right and have accepted the amount ·before mentioned. Without the compromise, the whole amount would have been due and exigible, secured as it was by mortgage on ·the property in question.

The whole dispute between the parties has ·been the cause of a transaction or compromise.

In the words of the Civil Code, "A transaction settles the differences it includes." Civ. Code, art. 3073.

"The hope of gain, the fear of losing, gen-·erally are the moving causes quieted by the compromise.

"It has the force of res judicata." Civ. ·Code, art. 3071.

The defendants have abandoned all their rights in favor of Capt. Pharr. Plaintiffs do not propose to reinstate them to those rights. They must be held bound to respect the transaction evidenced by the act entered into in 1898.

For reasons stated, the judgment appealed from is hereby affirmed.